UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEXTER DWIGHT HOGAN, § <br> TDCJ No. 1361368, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> SYLVIA PETERSON, § <br> § <br> Defendant § | Civil Action <br> No. SA-12-CA-901-XR |

**ORDER**

Before the Court are Defendant Sylvia Peterson's motion to dismiss (Docket Entry No. 17), which is denied; Plaintiff Dexter Dwight Hogan's motion for a preliminary and permanent injunction (Docket Entry No. 22), which is denied; and Plaintiff's supplemental complaint construed as a motion for leave to file a supplemental complaint (Docket Entry No. 23), which is denied.

Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint. Plaintiff is incarcerated in the Texas Department of Criminal Justice (TDCJ), Connally Unit. This Court ordered Plaintiff to show cause why his complaint should not be dismissed as frivolous and for failure to state a claim. Plaintiff filed an amended complaint (Docket Entry No. 7), which this Court construes as a supplement to the original complaint, and a supplemental complaint (Docket Entry No. 8).

Plaintiff alleges that on April 16, 2012, he sent two legal letters to Defendant to be mailed. Defendant is the law library supervisor. Peterson did not mail the letters and did not return the letters to Plaintiff. On April 18, Plaintiff sent a notice inquiring about his mail, but Peterson did not respond. The legal mail pertained to Plaintiff's previous case in this Court, cause no. SA-11-CA-60. Plaintiff argues that by not mailing the letters, significant information was withheld from that previous lawsuit, which was dismissed on May 25, 2012. Plaintiff claims Peterson violated his

constitutional right of access to the courts.

This Court dismissed Plaintiff's claim that he was denied his constitutional right of access to the Courts (Docket Entry No. 13). However, this Court construed the complaint as also claiming Defendant violated his First Amendment right to send mail.

Defendant has filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Docket Entry No. 17). Plaintiff has filed a response to the motion to dismiss (Docket Entry No. 24). Defendant replied to the response (Docket Entry No. 27), to which Plaintiff has replied (Docket Entry No. 28).

To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In determining whether Plaintiff has stated a claim, this Court assumes Plaintiff's fact allegations are true. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

Defendant's motion to dismiss (Docket Entry No. 17) asserts Plaintiff has failed to state a First Amendment claim of failure to mail. Plaintiff alleges he was indigent and that he submitted his mail in an indigent folder so the prison would pay for the costs of mailing.

Prisoners have a general First Amendment right to send mail. *Wells v. Thaler*, 460 Fed. Appx. 303, 310 (5th Cir. 2012) (citing *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Prisons must provide stamps, at state expense, to indigent inmates for mailing legal documents. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977); *Mayfield v. Wilkinson*, 117 Fed. Appx. 939, 940 (5th Cir. 2004). However, indigent inmates have no constitutional right to free postage for non-legal mail. *Van Poyck v. Singeltary*, 106 F.3d 1558, 1559 (11th Cir. 1997); *Hershberger v. Scaletta*, 33 F.3d 955, 957 (8th Cir. 1994); *see also Argue v. Hofmeyer*, 80 Fed. Appx. 427, 429 (6th Cir. 2003); *Lee v.*

*Perry*, 1993 WL 185752 (5th Cir. 1993).

Defendant argues that the Court should dismiss Plaintiff's failure-to-mail claim because Plaintiff has admitted that he could not pay the postage for his mail and inmates are not entitled to have a prison subsidize their free speech activities. However, in his second response to Defendant's motion to dismiss (Docket Entry No. 28), Plaintiff alleges that he had sufficient funds in his account to cover postage fees. Plaintiff further alleges that he was unable to purchase postage himself because the prison was on lockdown at the time he mailed the letters and that, during lockdown periods, the prison has a policy of sending prisoners' mail and deducting the postage from their accounts. Thus, Plaintiff has alleged facts demonstrating that Defendant could have mailed his letters and deducted the cost of postage from his account. Accordingly, Defendant's motion to dismiss is **DENIED**.

Plaintiff filed a motion for a preliminary injunction and a permanent injunction (Docket Entry No. 22), to which Defendant has responded (Docket Entry No. 26), and Plaintiff replied (Docket Entry Nos. 29 and 30).

Injunctive relief is available only under extraordinary circumstances where a party is threatened with injury without a sufficient legal remedy. *DSC Communications Corp. v. Next Level Communications*, 107 F. 3d 322, 328 (5th Cir. 1997). This Court will grant a TRO or a preliminary injunction where the movant demonstrates: there is a substantial likelihood the movant will prevail on the merits; there is a substantial threat of irreparable harm if the injunction is not granted; the threatened injury outweighs the threatened harm to the defendant; and the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F. 2d 991, 993 (5th Cir. 1987).

Plaintiff has not shown there is a substantial threat of irreparable harm if the injunction is not granted. Plaintiff was able to file pleadings in No. SA-11-CA-60 and in the present case after the

alleged failure to mail two letters occurred. Therefore, Plaintiff is not entitled to a preliminary injunction. Plaintiff's request for a permanent injunction will be resolved at the conclusion of this case. Plaintiff's motion for a preliminary and permanent injunction to be issued at this time (Docket Entry No. 22) is **DENIED**.

Plaintiff filed another supplemental complaint (Docket Entry No. 23), to which Defendant has responded (Docket Entry No. 25), and Plaintiff has replied (Docket Entry No. 31). This Court construes the supplemental complaint as a motion for leave to file a supplemental complaint. Plaintiff contends he was not given a six-month inmate account statement to support his application to proceed in forma pauperis, and he contends there were instances when he was denied access to the law library. Plaintiff was granted leave to proceed in forma pauperis, and Plaintiff does not allege or show how isolated instances of denial of access to the law library have prevented him from pursuing his legal claims. In fact, Plaintiff's ability to file pleadings in the present case shows he has been able to pursue his present legal claims. Plaintiff's request to file a supplemental complaint (Docket Entry No. 25) is **DENIED**.

This case is referred back to the Magistrate Judge for further proceedings.

It is so ORDERED.

SIGNED this 23rd day of July, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE