IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER HOGAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-12-CV-901-XR |
| | § | |
| SYLVIA PETERSON, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**ORDER**

On this date, the Court considered Defendant's motion for summary judgment. Doc. No. 44. On January 8, 2014, U.S. Magistrate Judge Pamela Mathy issued her report and recommendation that Defendant's motion be granted. Doc. No. 47. After careful consideration, the Court agrees with the Magistrate Judge and GRANTS Defendant's motion.

**BACKGROUND**

Plaintiff Dexter Hogan is an inmate in the Texas Department of Criminal Justice, Connally Unit. He has brought suit under 42 U.S.C. § 1983 against Defendant Sylvia Peterson, law librarian at the Connally Unit for: (1) denying him access to the courts, and (2) for failing to mail his legal correspondence. Doc. No. 2. Plaintiff's § 1983 claim stems from allegations that, on April 16, 2012, he sent two letters pertaining to a pending criminal case. Plaintiff claims that his mail was neither delivered to its intended recipient nor returned to him. *Id.*

On April 1, 2013, this Court entered an order dismissing Plaintiff's claim that he was denied access to the courts on the grounds that Plaintiff had repeatedly failed to allege facts indicating how his undelivered mail negatively impacted his ability to participate in the related criminal case. Doc. No. 13. However, the Court permitted Plaintiff's First Amendment claim to proceed on the basis of Defendant's alleged failure to mail Plaintiff's correspondence.[1] *Id.*

On April 30, 2013, Defendant filed a renewed motion to dismiss, contending that Plaintiff had not stated a First Amendment claim for failure to mail because inmates are not entitled to free postage services. Doc. No. 17. On July 23, 2013, this Court denied Defendant's motion because Plaintiff had sufficiently alleged that he possessed adequate funds to cover the postage. Doc. No. 32. At the same time, the Court denied Plaintiff's motion for preliminary and permanent injunctions. *Id.*

On December 9, 2013, Defendant filed this motion for summary judgment. Doc. No. 44. Magistrate Judge Mathy thereafter ordered Plaintiff to file a response. Doc. No. 45. Plaintiff has failed to do so. On January 8, 2014, Magistrate Mathy issued her report and recommendation that Defendant's motion be granted. Doc. No. 47. On January 22, 2014, Plaintiff filed a motion for reconsideration, which the Court construes as objections to the Magistrate Judge's report and recommendation. Doc. No. 51.

**STANDARD OF REVIEW**

In the event a party objects to a Report or Recommendation by a Magistrate Judge, the District Court is required to conduct a *de novo* review. 28 U.S.C. §636(b)(1). Such a review means that the Court will examine the entire record and will make an independent assessment

---

[1] Inmates have a general First Amendment right to send and receive mail. *See, Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Wells v. Thaler*, 460 F. App'x 303, 310 (5th Cir. 2012).

of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Petitioner has filed written objections to the Magistrate Judge's Report. Docket No. 51. Accordingly, the Court will conduct a *de novo* review.

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## DISCUSSION

In her motion for summary judgment, Defendant urges that the individual capacity claim against her for failure to mail is barred by qualified immunity. Doc. No. 44. Government officials performing discretionary functions are protected from civil liability

under the doctrine of qualified immunity if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To determine whether qualified immunity applies, the courts apply the two-part test established in *Saucier v. Katz*, 533 U.S. 194 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223 (2009).  Under this framework, the Court decides "(1) whether facts alleged or shown by plaintiff make out the violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of the defendant's alleged misconduct." *Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009).  The Court has discretion over which prong of the qualified immunity test to address first. *Pearson,* 555 U.S. at 223.

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 410 (5th Cir. 2009) (quoting *Saucier*, 533 U.S. at 202).  When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).

To overcome Defendant's qualified immunity defense, Plaintiff must provide evidence sufficient to create a fact issue as to whether her conduct was objectively reasonable.  As summary judgment evidence, Defendant Peterson has testified that she did not improperly handle Plaintiff's mail, and denies ever receiving the two letters that form the basis of this lawsuit. Doc. No. 44. Ex. B.[2]  Plaintiff's only evidence that Defendant violated his First

---

[2] This testimony is corroborated by the results of the investigation that was conducted in response to Plaintiff's grievance against Defendant.  Doc. No. 44, Ex. A

4

Amendment rights is a conclusory assertion to that effect contained in his sworn complaint. Doc. No. 2. It is well settled that a non-movant cannot defeat summary judgment on the basis of unsubstantiated assertions alone. *Freeman,* 369 F.3d at 860.

Moreover, Plaintiff has failed to demonstrate that Defendant was personally involved in the alleged depravation of his constitutional rights. *See, Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362 371-372 (1976))(personal involvement of defendant element of a civil rights claim). In particular, Plaintiff has not proffered any evidence to show that Defendant ever had custody of the letters he allege went missing. Plaintiff's original complaint included declarations from two fellow inmates, Joseph Gonzalez and Marcus Lockett. These individuals indicated that, on the date in question, they witnessed Plaintiff give his mail to a security officer. Doc. No. 44, Ex. C.[3] Mr. Lockett further claims that he and another inmate, "Big Rob," received verbal permission from Plaintiff to take his mail from the security officer and to deposit it in a mailbox for him on their way to the medical unit. *Id.*  Therefore, plaintiff's own evidence tends to show that the last person in possession of the mail was "Big Rob," and not Defendant.

Plaintiff has not put forth sufficient evidence to contradict Defendant's testimony that she did not tamper with the letters. In addition, there is no evidence to show that that Defendant ever had possession of the letters. Accordingly, Plaintiff has not demonstrated a fact issue as to the objective reasonableness of Defendant's conduct and she is therefore entitled to qualified immunity.

---

[3] There is no evidence in the record to show that this security officer mishandled Plaintiff's mail. Even if there were such evidence, the doctrines of *respondeat superior* and vicarious liability generally do not apply to § 1983 claims *Monell v. Dep't of Soc. Services of City of New York,* 436 U.S. 658, 693, (1978); *Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999).

Qualified immunity does not apply to Plaintiff's prayer for equitable relief. *Yates v. Stalder*, 217 F.3d 332, 333 n. 2 (5th Cir. 2000). This Court has already denied Plaintiff's claim for injunctive relief. Doc. No. 32. With respect to Plaintiff's claim for a declaratory judgment, Defendant is entitled to summary judgment even without the qualified immunity defense. As noted herein, Plaintiff has not provided any evidence to establish Defendant's personal involvement in his alleged constitutional depravation. As a result, Plaintiff has not met his burden of generating a fact issue on an essential element of his claim. *Thompson*, 709 F.2d at 382 (§ 1983 claim requires proof of defendant's personal involvement). Accordingly, summary judgment is warranted on Plaintiff's prayer for declaratory relief.

To the extent that pro se Plaintiff's complaint can be construed as asserting a claim for damages against Defendant in her official capacity, that suit is barred by the Eleventh Amendment. A suit against a state official in his or her official capacity is considered a suit against the state itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Subject to several exceptions, none of which are applicable here,[4] the Eleventh Amendment prohibits suits for money damages against a state government (or department/agency thereof) in federal court. *See, Sullivan v. Univ. of Texas Health Sci. Ctr. at Houston Dental Branch*, 217 F' Appx. 391, 392 (5th Cir. 2007).

Finally, the Magistrate Judge recommended that this case be dismissed under Rule 41 of the Federal Rules of Civil Procedure because Plaintiff did not comply with a court order to file a response to Defendant's motion for summary judgment. In his written objections, Plaintiff asserts that he attempted to respond but that, again, his mail was lost. Doc. No. 51.

---

[4] Texas has not waived its sovereign immunity for this kind of claim, nor has Congress abrogated the state's immunity under § 5 of the Fourteenth Amendment.

Since Plaintiff has not generated a fact issue sufficient to defeat summary judgment on the merits, the Court need not rely on Rule 41 to justify dismissal of this case.

## CONCLUSION

In light of the foregoing analysis, the Court agrees with the Magistrate Judge that Defendant's motion for summary judgment should be granted. Doc. No. 44. The Clerk is directed to CLOSE this case and issue a judgment that Plaintiff take nothing on his claims, which are hereby DISMISSED ON THE MERITS.

SIGNED this 28th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE