IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER HOGAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-12-CV-901-XR |
| | § | |
| SYLVIA PETERSON, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

On this date, the Court considered Plaintiff's motion for reconsideration, which the Court construes as a motion to alter or amend judgment under Rule 59 of the Federal Rules of Civil Procedure. Doc. No. 54. After careful consideration, the Court DENIES the motion.

## DISCUSSION

Plaintiff Dexter Hogan is an inmate in the Texas Department of Criminal Justice, Connally Unit. He brought suit under 42 U.S.C. § 1983 against Defendant Sylvia Peterson, law librarian at the Connally Unit for failing to mail his legal correspondence. Doc. No. 2. Plaintiff's § 1983 claim stems from allegations that the mail he sent on April 16, 2012, was neither delivered to its intended recipient nor returned to him. *Id.*

On December 9, 2013, Defendant filed a motion for summary judgment. Doc. No. 44. Magistrate Judge Mathy thereafter ordered Plaintiff to file a response. Doc. No. 45. Plaintiff failed to do so. On January 8, 2014, Magistrate Mathy issued her report and recommendation that Defendant's motion be granted. Doc. No. 47. On January 22, 2014, Plaintiff filed written

objections. Doc. No. 51. On January 28, 2014, this Court entered an order granting Defendant's motion for summary judgment. Doc. No. 52. On February 7, 2014, Plaintiff filed this motion for reconsideration. Doc. No. 54.

The Court will construe Plaintiff's motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (explaining that a motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend judgment under Rule 59(e) if the motion was filed within twenty-eight days after the entry of judgment). "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation marks omitted). To be entitled to relief under Rule 59(e), a movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

Much of Mr. Hogan's motion is concerned with his explanation for why he did not file a response to Defendant's motion for summary judgment. In particular, Mr. Hogan asserts that he "initially pre-arranged a response to Defendant's summary judgment, but first taking one step at a time … wanted to see what was going to be come of the issue." Doc. No. 54 at 1. Plaintiff appears to believe that it would have been "premature" for him to file a response before the Magistrate Judge issued her report and recommendation. *Id.* This is in spite of the fact that Magistrate Judge Mathy had expressly ordered Mr. Hogan to file a response. Doc.

No. 54.  In addition, Local Rule CV-7 provides that a non-movant has 14 days in which to respond to a motion for summary judgment.  Plaintiff's reasoning for why he failed to timely respond is immaterial because the Court did not base its dismissal on Plaintiff's failure to respond.[1]   The Court construed all of the evidence then in the record in a manner favorable to Mr. Hogan.  Nevertheless, the Court found that Defendant was entitled to summary judgment on the basis of qualified immunity because there was no evidence of her personal involvement in any constitutional violation. Doc. No. 54.

More importantly, Mr. Hogan's motion for reconsideration does not offer any new evidence.  Instead, Mr. Hogan simply reiterates his understanding of the facts.  He asserts that he gave his mail to his fellow inmate, "Big Rob," to place in the mailbox for him. Doc. No. 54.  Critically, Mr. Hogan has still failed to provide any evidence that Ms. Peterson tampered with his mail, an essential element of his claim. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362 371-372 (1976)).

Although not expressly stated, Mr. Hogan wishes to rely on the inference that, having shown evidence that he "sent" his mail, Ms. Peterson must be responsible for the fact that it was never delivered.  Although at the summary judgment stage the Court resolves all reasonable inferences in favor of the non-movant, it is not reasonable to infer that Defendant engaged in misconduct when Plaintiff has not provided any evidence of Defendant's personal involvement in handling his mail.  Moreover, it would defeat the purpose of the qualified immunity doctrine if any aggrieved prisoner could hale a prison official into court on the basis of an unsubstantiated assertion that the official tampered with plaintiff's mail.  *See e.g.,*

---

[1] In her report and recommendation, the Magistrate Judge suggested that the Court dismiss Plaintiff's case under Rule 41 for failure to abide by a court order to file a response to Defendant's motion for summary judgment. Doc. No. 47.  In its order, this Court expressly declined to rely on Rule 41 to justify its dismissal of Plaintiff's claims

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (finding that the ability of qualified immunity to immunize officials from frivolous suits is effectively lost if cases are allowed to go to trial).

Finally, Mr. Hogan takes issue with Ms. Peterson's affidavit, which he notes is self-serving. Doc. No. 54 at 2. Similarly, he argues that the results of the internal prison grievance procedure are also not credible. *Id.* First, with respect to Defendant's affidavit, the Court does not make credibility determinations at the summary judgment stage. Second, the Court did not consider the results of the grievance procedure as direct evidence that Ms. Peterson had not acted in the manner alleged, but instead noted in a footnote that her testimony in this case matched her testimony in the grievance proceeding.

When Ms. Peterson asserted a qualified immunity defense, the burden shifted to Mr. Hogan to come forward with evidence to show that her conduct was not objectively reasonable. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). Mr. Hogan's untimely response has failed to provide any evidence of Defendant's personal involvement in the alleged constitutional tort. He has therefore failed to generate a fact issue as to the objective reasonableness of Defendant's conduct. As a result, Defendant is entitled to qualified immunity.

## CONCLUSION

In his Rule 59 motion, Plaintiff has neither established a manifest error of law nor provided new probative evidence. As a result, Plaintiff's motion is DENIED. Doc. No. 54.

SIGNED this 11th day of February, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE